### KEYSTONE PUB. CO. v. ROMAN.

#### (Supreme Court, Appellate Term. May 7, 1909.)

CONTRACTS (§ 221*)—CONSTRUCTION—COMPENSATION.

   Under a contract to publish an advertisement at a certain rate per month, payment to be made by the shipment of advertiser's goods to persons who became customers as a result of the advertisements, the publisher is not entitled to recover the contract price without showing that orders from new customers to the extent of the price named were sent in to the advertiser.

   [Ed. Note.—For other cases, see Contracts, Cent. Dig. § 1015½; Dec. Dig. § 221.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the Keystone Publishing Company against Edward M. Roman, doing business under the name of Hygienic Hair Waver Company. From a judgment for plaintiff, after a trial before the court without a jury, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and DAYTON and GOFF, JJ.

Samuel Packard, for appellant.

Isaac F. Russell and Ernest M. Garbe, for respondent.

PER CURIAM. The plaintiff sued on a written contract which provided for the insertion of an advertisement in its magazine for a period of six months at the rate of $56 per month. Payment was to be made by the shipment of defendant's goods to persons not already customers upon orders furnished by the plaintiff as a result of these

advertisements. The amounts received on such orders were to be credited and paid to plaintiff up to the total of its bill for the six months' advertising; that is, $336. It was also provided in the contract that, if the plaintiff furnished no orders, it was to receive no compensation. The defendant's counsel claimed on the trial that before the second publication defendant had notified plaintiff he would not abide by the terms of the contract. It appears from the evidence, however, that subsequent to this alleged notification defendant accepted an order received through plaintiff. Plaintiff claims that no notification was given to cease publication. Evidence was offered to show that one order, amounting to $47.04, was filled, and defendant credited therefor. As to the other two orders, the record shows that one was filled; but, as no invoice was furnished to the plaintiff by defendant, no credit could be given therefor. As to the third order, it does not appear that it was filled. The plaintiff continued publication during the six months' period, bringing its action before the appearance of the magazine for January, 1909, which was the last issue contemplated by the contract. It now claims to be entitled to the full amount of $336 agreed to be paid, less the $47.04 for the invoice on which it credited defendant, and judgment was given on this theory.

If the agreement had been to pay for the advertisement in the ordinary way, the judgment might be sustained; but it was clearly the understanding of the parties that payment was entirely dependent upon the basis of the orders furnished. As the publication was continued throughout the entire period, it was incumbent upon plaintiff to show that a sufficient number of orders had been furnished to equal the amount of the advertising charge before it could recover. Had the defendant refused such orders, the plaintiff might have still held him liable. But, notwithstanding the alleged breach on defendant's part, inasmuch as these orders were the agreed measure of the contract's value, the plaintiff must show their receipt, to bind the defendant.

The judgment must therefore be reversed, and a new trial ordered, with costs to appellant to abide the event.